# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

|  |  |
|---|---|
| **JOSEPH MCDANIELS,** | No. ED CV 14-02594-VBF-JCG |
| **Plaintiff,** | **OPINION AND ORDER** |
| v. | Denying Without Prejudice the Plaintiff's Motion for Appointment of Counsel |
| UNITED STATES OF AMERICA et al., | |
| Defendants. | |

Proceeding *pro se*, federal prisoner Joseph McDaniels ("plaintiff") filed this action on December 19, 2014 against nine defendants – the federal government, warden Linda McGrew, Captain R. Hodak, Lt. Aguilar, Lt. Patterson, Unit Counselor Pablo Prieto, officer Flores, the Federal Bureau of Prisons and officer McCormick – seeking relief under the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).  **Also in December 2014, plaintiff filed a motion for the appointment of counsel directed to the Magistrate.  For reasons that follow, the Court will deny plaintiff's motion without prejudice to its renewal later in the case.**

PLAINTIFF'S COMPLAINT IN THE INSTANT FTCA / CIVIL-RIGHTS CASE

Plaintiff states that his motion for appointment of counsel is "based upon the facts stated in the attached Complaint for Damages filed herein, the facts stated in the United States District Court case of *McDaniels v. Federal Bureau of Prisons*, #2:14-cv-07780-JFW-PLA," a Freedom of Information Act ("FOIA") action that is now pending before Judge John Walter and Magistrate Judge Abrams, "and the attached Declaration of Joseph McDaniels." Doc 2 at 1.

**In the complaint here, plaintiff McDaniels alleges that he was twice assaulted in Unit 6A at USP Victorville on July 8, 2013 by inmates who are known gang members;** that Unit Counselor Pablo Prieto caused the assaults by circulating rumors to inmates that plaintiff was a sex offender who "should not be allowed to 'walk' at Victorville"; that defendant guard McCormick was outside the Unit and not supervising the orderlies or inmates while plaintiff was twice assaulted and his assailants therefore had time to obtain weapons; and that neither McCormick nor any other Unit 6 staff member came to his aid when he activated his cell alarm. *See* Doc 1 at page 3 ¶¶ I-J and pages 5-6 ¶¶ (1) through (11).

According to plaintiff, while he was bleeding profusely, having difficulty breathing, and having trouble staying conscious, en route to the medical ward, defendants Hodak and Agular strapped him to the gurney too tightly and handcuffed him so tightly that his hands were swollen and numb, and that defendants Agular and Patterson refused plaintiff's numerous requests to loosen the handcuffs from July 8 through July 12, 2013. *See* Doc 1 at pages 6-7 ¶¶ (12) through (22). Plaintiff further alleges that even after a medical duty status sheet and an oral command by SHU Commander Lieutenant Holstead both stated that bigger handcuffs had to be used on plaintiff due to his wrist injury, defendant Flores laughed while she maliciously tightened the handcuffs on plaintiff in the presence of two inmates, officer Logan, and "PA Esquetini." *See* Doc 1 at page 8 ¶¶ (24) through (28).

More broadly, plaintiff alleges that before he was assaulted, there had been several serious violent incidents at USP-Victorville that had been brought to the attention of defendant McGrew and Captain Hodak, who did nothing in response to the reports, including the stabbing of wheelchair-bound inmate Russell Jenkins within two weeks of plaintiff's assault, a November 2013 murder of an inmate in Unit 6A, and two murders of inmates on June 21-22, 2014. *See* Doc 1 at page 2 ¶ D and page 9 ¶¶ (30) through (35). Plaintiff's theory is that "[t]he federal authorities continue to have a 'hands-off' policy when it comes to the FBOP . . . as many inmates are never prosecuted for these murders and assaults", Doc 1 at page 9 ¶ 36.

2

1    Plaintiff's legal theory under the Federal Tort Claims Act ("FTCA") is that the defendant federal government
2    breached its duty to non-negligently endeavor to protect him from harm because its employees failed to
3    follow policies and procedures regarding the disclosure of sensitive information about high-security inmates,
4    failed to follow policies and procedures regarding handcuffing of injured inmates, and failed to follow
5    directives of its own medical staff with regard to his handcuffing in particular, causing him to suffer life-
6    threatening injuries, permanent injuries, and pain and suffering.  *See* Doc 1 at 10 ¶¶ (37) through (42).
7    Plaintiff also asserts a federal constitutional claim pursuant to *Bivens* and explains the alleged involvement
8    of each of the aforementioned individual defendants, *see* Doc 1 at 11-13 ¶¶ (45) through (61).

10   PLAINTIFF'S COMPLAINT IN THE RELATED FREEDOM OF INFORMATION CASE.
11   **In the related Freedom of Information Act ("FOIA") action, Central District of California case**
12   **number LA CV 14-07780-JFW-PLA**, plaintiff seeks to compel "the expedited processing and release of
13   agency records that were requested by plaintiff from [the] . . . Federal Bureau of Prisons (FBOP)."  14-7780
14   Doc 5 at 1.  In the FOIA action, plaintiff essentially alleges that the FBOP wrongfully denied, ignored, or
15   delayed responding to his several written requests from October 2013 through May-June 2014 for
16   information relating to the assaults he suffered at USP-Victorville on July 8, 2013.  *See* 14-7780 Doc 5 at
17   pages 2-4 ¶¶ (7) through (19).  In the first count, plaintiff claims that the FBOP violated FOIA (5 U.S.C. §
18   552(a)(6)(E)(ii)) and the DOJ's regulations by failing timely to respond to his request for information.  *See*
19   14-7780 Doc 5 at 4 ¶¶ (20) and (21).  In the second count, plaintiff claims that the FBOP's failure timely
20   to respond to his requests was arbitrary and capricious and constituted "agency action unlawfully withheld
21   and unreasonably delayed" in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 701.

23   ANALYSIS OF APPOINTMENT OF COUNSEL IN A CIVIL CASE
24   The Court begins by reminding petitioner that there is generally no *constitutional right* to counsel
25   in a civil case[1], *see United States v. 30.6 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986); *see also Olson*

27   [1]    Under U.S. Supreme Court precedent, a litigant may have a constitutional right to counsel in a civil
28   case only if he "may lose his physical liberty if he loses the litigation", *see Lassiter v. Dep't of Soc. Servs.*,
     (continued...)

1    *v. Smith*, No. 13-36062, – F. App'x –, 2015 WL 1742045, *2 (9th Cir. Apr. 17, 2015) ("As a general

2    proposition, a civil litigant has no right to counsel") (citing *Lassiter v. Dep't of Soc. Servs. of Durham Cty.,*

3    *N.C.*, 452 U.S. 18, 101 S. Ct. 2153 (1981) and *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).

4           A federal district court may under "exceptional circumstances" request the service of counsel for

5    indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th

6    Cir. 2009) (citation omitted); *see also Spicer v. Richards*, 2008 WL 4181735, *2 (W.D. Wash. Sept. 8,

7    2008) (citing *Mallard v. U.S. District Court of Iowa*, 490 U.S. 296, 301, 308, 109 S. Ct. 1814 (1989)

8    (holding that district courts lack authority to require attorneys to represent 42 U.S.C. section 1983 civil-

9    rights plaintiffs in federal court)) (emphasis added).

10

11          **In order to determine whether this is the extraordinary case where the Court would appoint**

12   **or ask an attorney to represent a civil litigant, a federal district court in our circuit "evaluates the**

13   **plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her**

14   **claim pro se in light of the complexity of the legal issues involved."** *Spicer*, 2008 WL 4181735 at *2

15   (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) and *Richards v. Harper*, 864 F.2d 85,

16   87 (9th Cir.1988)); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these issues

17   is dispositive and instead [they] must be viewed together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v.*

18   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Only "rarely" will a federal court find a case to be so

19   complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the

20   controversy at hand. *See Dotson v. Doctor*, 2014 WL 2208090, *1 n.1 (E.D. Cal. May 28, 2014) (Sheila

21   Oberto, M.J.) ("Counsel is appointed in civil cases such as this only rarely, if exceptional circumstances

22

23   ───────────────────

          [1](...continued)

24   452 U.S. 18, 25, 101 S. Ct. 2153 (1981), for example if nominally civil proceedings may lead to the litigant's
     involuntary commitment to a juvenile-delinquent facility or his involuntary transfer to a state psychiatric

25   hospital for treatment, *see Lassiter*, 452 U.S. at 25, 101 S. Ct. at 2158-59 (discussing *In re Gault*, 387 U.S.

26   1, 87 S. Ct. 1428 (1967) and *Vitek v. Jones*, 445 U.S. 480, 100 S. Ct. 125 (1980)).

27          But *Lassiter* and the other aforementioned Supreme Court precedents are of no avail to plaintiff here,
     because the fact and duration of his incarceration would not be affected if he wins the relief he seeks in this

28   action.

                                                          4

1     exist."); *United States v. Melluzzo*, 2010 WL 1779644, *3 (D. Ariz. May 3, 2010) (Mary Murguia, J.)

2     ("[A]ppointment of counsel in a civil case is rarely invoked . . . ."); *see also Schwartzmiller v. Roberts*, 1994

3     WL 48967, *3 n.1 (D. Or. Feb. 11, 1994) (Frye, J.) ("It is *extremely rare* that indigent civil defendants are

4     appointed counsel in judicial proceedings.") (emphasis added), *aff'd*, No. 94-35241, 62 F.3d 1425, 1995 WL

5     470882 (9th Cir.  Aug. 9, 1995) (Choy, Sneed, Ferguson) (table decision, text only on WestLaw).

6

7     **At this juncture, petitioner has not convinced the Court that this is the rare civil case where**

8     **it would be appropriate to appoint counsel for him.  The Court's review of his FTCA / *Bivens***

9     **complaint herein and his FOIA complaint before Judge Walter does not suggest that this case involves**

10     **such particularly complex legal or factual issues that plaintiff will not be able to effectively prosecute**

11     **the case without the assistance of counsel.**  This analysis is not changed by plaintiff's vague assertion

12     (Motion for Counsel at 2, Declaration ¶ 7) that his "case is part of a[n] FBI investigation where criminal

13     charges may be still pending, . . . ."  It is not enough for plaintiff simply to assert, "my case will involve

14     complex litigation under the FTCA and *Bivens*, where FBOP Policies and the discretionary function

15     exemptions (DFE) will most likely need to be analyzed."  Motion for Counsel at page 4 ¶ 15.  Nor does

16     plaintiff cite any authority for his implication that the case is so unusually complex as to require appointed

17     counsel because the case will involve numerous depositions, because some witnesses are inmates who will

18     need to be subpoenaed and brought to testify from prisons "in California, Arizona, Texas, and other states",

19     or because FBOP "employees would be reluctant to give a United States Penitentiary inmate personal

20     information about their job duties, work related safety concerns at Victorville and other material information

21     during depositions."  Motion for Counsel at page 3 ¶¶ 8-11.

22     The Court will accordingly deny plaintiff's motion, but he is free to file a renewed motion for

23     appointment of counsel later in the case if he believes that the progression of the case has shown the case

24     to be so unusually complex that he can no longer proceed effectively without counsel. *See, e.g., Dillingham*

25     *v. Scruggs*, 2015 WL 3430250, *2 (N.D. Cal. May 28, 2015) (Yvonne Gonzales Rogers, J.) ("The legal

26     issues are not complex.  Accordingly, Plaintiff's renewed request for appointment of counsel is denied

27     without prejudice."); *Lynn v. Grecco*, 2015 WL 1916771, *4 (E.D. Cal. Apr. 27, 2015) (Gregory Hollows,

28

1  M.J.) ("Petitioner's April 10, 2015 request for the appointment of counsel is denied without prejudice to a

2  renewal of the motion at a later stage of the proceedings.").

3

4                                              ORDER

5          Petitioner's Motion for Appointment of Counsel **[Doc #2] is DENIED without prejudice** to his

6  renewal of the motion at a later stage of the case.

7

8

9  DATED:        July 23, 2015          _____

10                                      HONORABLE VALERIE BAKER FAIRBANK
                                        SENIOR UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28